UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEVEN SUMMERS                                                                                              PLAINTIFF

v.                                                                                         CIVIL ACTION NO. 3:15-CV-852-CRS

LIFE INSURANCE COMPANY OF NORTH AMERICA                                                    DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on Defendant Life Insurance Company of North America's ("LINA") motion to transfer this case to the District of Maryland. The underlying matter involves claims under ERISA seeking long term disability and life insurance waiver of premium benefits. For the reasons below, the Court will grant LINA's motion.

Although "district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate," *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009), courts within the Sixth Circuit have identified nine factors that should be considered in making this determination. These factors include:

(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*See Long John Silver's, Inc. v. Nickleson*, No. 3:11–CV–93–H, 2011 WL 5025347, at *4 (W.D. Ky. Oct. 21, 2011); *Cowden v. Parker & Associates, Inc* ., No. 5:09–CV–0323–KKC, 2010 WL

715850, at *2 (E.D. Ky. Feb. 22, 2010); *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 729 (E.D. Mich. 2006).

The moving party bears the burden of demonstrating that the balance of these factors weighs in favor of transfer. *Adams v. Honda Motor Co.*, No. 3:05–CV–120–S, 2005 WL 3236780, at *1 (W.D. Ky. Nov. 21, 2005). Although "the plaintiff's choice of forum should rarely be disturbed… unless the balance [of convenience] is strongly in favor of the defendant," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, (1947), the plaintiff's choice is by no means dispositive. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Instead, the court's decision must be based on an "individualized, case-by-case consideration of convenience and fairness" that accords every relevant factor its due consideration and appropriate weight. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The parties do not dispute that this action could have originally been brought in the District of Maryland. Plaintiff Steven Summers resides in Frederick, Maryland. He was employed by OpGen and participated in its employee benefit plan. The plan was administered by OpGen, which is headquartered in Maryland. Summers' claims were processed and administered in Pittsburgh, Pennsylvania where LINA has its principal place of business.

The only issue before the Court is whether transfer is justified in light of the relevant public and private-interest factors. Summers states that the operative facts involving the plan and Summers' claims reveal that there is no connection whatsoever to this District. (DN 12-1, p. 4). The Complaint identifies no ground for venue here, other than the statement that LINA was doing business in Kentucky and "may be found in this district." (DN 1, ¶ 7). Summers' three-sentence response states that he believes that venue was and remains proper in the Western

District of Kentucky, but that he does not oppose transfer to the District of Maryland so as to avoid delay.  (DN 13).  Thus we find conceded that the applicable convenience and fairness considerations weigh heavily in favor of transfer.

Therefore, the Court will grant LINA's motion to transfer venue by separate order.

**IT IS SO ORDERED.**

March 7, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**